(No. 74-CC-197—Claimant )

MALCOM E. ZENGE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 22, 1974.*

MALCOM E. ZENGE, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN, Assistant Attorney General, for Respondent.

PER CURIAM.

This cause coming on to be heard on the Joint Stipulation of the parties hereto and the Court being fully advised in the premises;

This court finds that the purpose of this expenditure by the Department of Mental Health was for the payment of a retroactive pay increase which was not paid along with the other employees so entitled, due to an error on the part of the department. According to the departmental report there was a retroactive pay increase from $5.09 to $5.33½ per hour for employees classified as

Trades Tenders under the Illinois Personnel Code. Claimant was so classified when he terminated his employment with the Department of Mental Health on March 15, 1973. On August 30, 1973, the Department of Mental Health was informed by the Department of Personnel, Labor Relations Division, that pursuant to a new collective bargaining agreement pay was to be paid retroactively to April 1, 1973. Therefore, it appeared to the department that the claimant was not entitled to the increase inasmuch as the claimant was not employed on April 1, 1973. However, there was an error in communication between the Department of Personnel and the Department of Mental Health as to the initial date of retroactivity. The pay increase was to have been retroactive to January 1, 1973, and not April 1, 1973. Therefore, the claimant has back pay due and owing for a period from January 1, 1973, to March 15, 1973. In addition, the departmental report points out that the appropriation for Fiscal 1973 did not include this increase under appropriation No. 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 and the appropriation was expended and no money was returned to the State Treasury.

The Illinois Supreme Court in *Fergus* v. *Brady*, 277 Ill. 273 (1917) in determining whether payment in excess of authorized appropriation would be valid, stated:

. . . "claims under any agreement or contract made by express authority of law are accepted, and if there is some particular and specific thing which an officer, board or agency of the State is required to do, the performance of the duty is expressly authorized by law. That authority is expressed which confers power to do a particular, identical thing set forth and declared exactly, plainly and directly with well defined limits, and the only exception under which a contract exceeding the amount appropriated for the purpose may be valid is where it is so expressly authorized by law." Id. at 279.

This Court has followed this rule where express authority is shown, *City of Jacksonville* v. *State of Illinois*

(1946), 15 C.C.R. 62, *Illinois-Iowa Power Company* v. *State of Illinois* (1942), 12 C.C.R. 308.

Express authority to pay retroactive pay increases, pursuant to a collective bargaining agreement is found in Ch. 127, Sec. 145, Ill.Rev.Stat., 1971, where the legislature stated:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates as specified in the payroll or other voucher and no additional sums shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, *except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of the collective bargaining agreement the state or state agency and an employee group shall not be construed as an additional payment for work already performed.*" (Emphasis added)

In light of this Court's decision in *City of Jacksonville* v. *State of Illinois*, (supra) and *Illinois-Iowa Power Co.* v. *State of Illinois,* (supra) and the legislative intent embodied in the Ch. 127, Sec. 145, Ill.Rev.Stat., 1971, it is our opinion that the claimant should be paid.

The reason that this claim was not paid is due to the fact that claimant was no longer an employee of respondent at the time authorization was received for retroactive pay increases. Therefore, the claimant was not included in the short payroll at the end of fiscal 1973, the same having been confirmed by the departmental report of the Department of Mental Health, a copy of said report being attached to the Joint Stipulation of the parties.

It is hereby ordered that the sum of Two HUNDRED FOURTEEN AND 94/100 DOLLARS ($214.94) be awarded claimant in full satiisfaction of any and all claims pre-

sented to the State of Illinois under the above captioned cause.